**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAVDEEP SINGH, | No. 13-70349 |
| Petitioner, | Agency No. A099-482-951 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Navdeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We grant the petition for review and remand.

The BIA abused its discretion in finding that Singh's father's affidavit conflicted with the country report and in otherwise discrediting the affidavit, and thus in concluding Singh failed to establish that the government is unable or unwilling to protect him and failed to establish that he could not safely relocate within India. *See id.* at 987 ("facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable"). The BIA also abused its discretion in finding Singh did not make a prima facie showing of a nexus to a protected ground. *See Maini v. INS*, 212 F.3d 1167, 1175-76 (9th Cir. 2000) ("persecution aimed at stamping out an interfaith marriage is without question persecution on account of religion"). Further, in finding Singh did not establish a material change in India, the BIA did not have the benefit of this court's decision in *Chandra v. Holder*, 751 F.3d 1034 (9th Cir. 2014). Thus, we grant the petition for review and remand for further proceedings consistent with this disposition, including a determination of the impact, if any, of *Chandra*. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**

13-70349